14

## CIRCUIT COURT OF FAIRFAX COUNTY

Day

 v.

Day

June 5, 1989

Case No. (Chancery) 98947

By JUDGE THOMAS A. FORTKORT

I have carefully reviewed Mr. Day's Motion to Reconsider my assessment of $1,500.00 attorneys' fees against him for bringing a frivolous custody case before the Court. I am convinced that Mr. Day strongly believes that the failure of parents to cooperate causes psychological problems for children.

There was no evidence from any mental health professional that the children of this marriage were being adversely affected by the alleged non-cooperation of the mother. There was no evidence by any lay witness that the children were being adversely affected by the alleged non-cooperation of the mother. There was no evidence of any incidents reported by the father that would lead the Court to conclude the children were being adversely affected. There was a great deal of evidence by the father that non-cooperation of the parents would inevitably lead to psychologically disturbed children. While the Court presumes that as a general proposition, non-cooperation of the parents will adversely affect the emotional well being of the children, the Court has no information on which it can conclude that this proposition is universally true.

In the absence of any showing of residual effects upon the children, Mr. Day's only evidence is his extensive reading on this particular subject. This case consists

of the presentation of the theory and a single incident of non-cooperation. The incident involves the mother's refusal to send the parties' daughter to a summer camp which the father wished the child to attend during the mother's summer custody period. (Each party had the children for extensive periods during the summer as a result of prior visitation determination.) The Court dismissed the father's custody petition on a Motion to Strike ruling that the action had no merit and assessed the father $1,500.00 in attorneys' fees for bringing a frivolous action.

The defendant father requested a hearing to reconsider the assessment of the attorney's fees against him. In that lengthy hearing, the father expounded on the theory of parental non-cooperation and produced several materials on the harm to children when separated parents do not cooperate to insure the best interest of the children. The Court is convinced that the father believes in this theory so strongly that he considers a single incident of non-cooperation should result in change of custody.

In this instance, the mother had the legal right to insist that her custody period not be interrupted by the child's attendance at a summer camp. Even the proposition that summer camp for a child of separated parents is preferable to a period of custody with one of the parents is tenuous.

There is a distinct difference between what an individual philosophy may be and what represents a cognizable case in court. The person against whom a case is brought suffers both emotional and financial loss. The determination as to whether a case is frivolous or not can only be measured by the case asserted at trial when pleadings have been made in an equity court and are in proper form. Well intended pronouncements are not the equivalent of legal sufficiency. In this case, it is clear that the father filed an action in which he had no chance to prevail.

In examining the entire voluminous file in this case, the Court can only conclude that the assessment of attorney's fees due to the frivolous nature of this action was just and foreseeable. The Motion for Reconsideration is denied, and the assessment of attorney's fees formerly imposed is upheld.